

7-10-01

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

ROHAN R. PERSAUD           ]
A38-746-586                ]
     Petitioner,      ]
                           ]    **: CV 01-125**
                           ]
    V.                    ]    Civil No_____
                           ]
JOHN ASCHCROFT, Attorney Gen.  ]
CHARLES W. ZEMSKI,Act. Direct, ]
    Respondents.      ]

**FILED**
**SCRANTON**

JUL - 6 2001

PER _____
         **DEPUTY CLERK**

<u>**Petition for writ OF HABEAS CORPUS**</u>
<u>**AND COMPLAINT FOR DECLARATORY AND**</u>
<u>**INJUCTIVE RELIEF.**</u>

    And now comes, Rohan Rampersaud Persaud, pro se, In Forma Pauperis and moves this court in the above style cause of acttion, seeking release on Bond based on due process violation and respectfully alleges as follows:

    Mr. Persaud herein call "petitioner" urge the court to liberally construte this said petition, allow merits sought, rather than to dismiss on technical grounds and cure errors as in <u>Haines V. kerner</u>, 404 U.S. 519, 520 (1972); also <u>Parris V. Conghlin</u>, No. 90-CV-414, 1993 W.L. 328199, at 4 (N.D.N.Y. Aug 4, 1993).

<u>**STATEMENTS OF FACTS.**</u>

(1) Petitioner is a 34 years old male, native and citizen of Guyana, who was admitted to the United States at age of eighteen (18) as a permanent lawful resident on or about May 26, 1984.

1

(2) Petitioner is married and father of two (2) United
    States citizens living in New York, NY.

(3) That more than one decade ago, petitioner had a cition
    conviction for attempted assault.

(4) That on or about December 15, 1999, petitioner was
    convicted of driving while intoxicated and sentenced
    to 1-3 years.

(5) That on or about April 16, 1999, whlie in state custody
    petitioner was served with a notice to appear, charging
    his with removability as an aggravated felon pursuant
    to section 237(a)(2)(A)(iii) of the act solely upon the
    drunk driving conviction.

(6) That petitioner, however, appeared at the master hearing
    on or about October 21, 1999. The Immigration service
    asserted that petitioner has a prior conviction of
    assault which was not known to the Immigration Judge at
    the Proceeding due to the "notice to appear".

(7) Petitioner than was order deported based on the Assault
    charge which never was in his (IJ) jurisdiction and
    founded petitioner ineligible for 212(C) waiver that
    was avalaible to him at the time of the assault plea.

(8) Petitioner than filed a motion to reconsider based on
    St Cry V. INS, 2000 W.L 1234850 Sep 04, 2000.

(9) That upon release from the state custody, the Immigra-
    tion service took him into custody and still detained
    petitioner without due process guaranted by the first
    ten (10) Amendments of the United States constitution
    thus detention in this case manifested injustice.

(10) And in this date of July 05th, 2001, this instante writ
     is filed with facts and memorandum of law attached.

Wherefore, I declare under the pelnaty of perjury that
the forgiong is true facts and correct pursuant to 28 U.S.C §

1746 as set forth in this writ petition and, pray this court to grant the writ and order other appropriate reliefs that will safeguard petitioner's constitutional and statutory protection and rights, laws and treaties.

Respectfully Submitted,

Executed on 2 Day of July 2001.

Rohan Rampersaud Persaud
A38-746-586
Towel 3, Echo K-22
1373 N. Washington Ave
Scranton, PA 18509

## ANNEXED ARGUMENT IN SUPPORT.

### Introduction:

Petitioner contendes that confining him indefinetely
without a proper affordable possibility of release on parole or
Bail is despotic in nature and a violation of Due Process clause
of the United States constitution under the Fifth (5Th) Amend-
ment rights enonciated by the supreme court in Zadvydas V. Davis.

Petitioner also challenging the "Artificial Review"
process to be an abuse and violation of INS own regulations and
challenging his "order of removal" that was based on a Thirdteen
(13) years old conviction that was never appeared the notice to
appear form in violation of due process also and the terminology
of petitioner Driving While Intoxicated (DWI) to be a crime of
violance that was over turned by the texas Appeals court.

### JURISDICTION.

The supreme court just release on June 29, 2001, that
the federal court have jurisdiction to review all matters in
deportation procedings affecting aliens. Kim Ho Ma V. Ashcroft.

Both this third (3rd) court of appeals and District
courts have held that federal courts continue to have jurisdict-
ion aver petitions for habeas corpus pursuant to 28 U.S.C § 2241
even after the 1996 Amendments to the INA. The court made it so
clear, that the scope of review under the federal habeas expli-
citly in Megano-Pizano V. INS, 200 F.3d 603 (9th Cir. 1999);
Felker V. Turpin, 518 U.S 651 (1996); Sandoval V. Reno, 186 F.3d

225 (3rd Cir. 1999), <u>Kim Ho Ma V. Reno</u>, 56 F.Supp. 2d 1165 (W.D

Wash. 1999)(Amended <u>Ma V. Aschcroft</u>, ---U.S---(June 29, 2001));

<u>Henderson</u>, 157 F.3d at 118-20, <u>Navas V. Reno</u>, 526 U.S. 1004 (1999

<u>Jean Baptile</u>, 144 F.3d 212, 219 (2nd Cir 1998).


## I̶SSUES PRESENTED FOR REVIEW.

**(1)** Whether the Immigration service is violating petitioner
due process by not releasing petitioner on parole after
the Supreme court ruling in <u>Zadvydas V. Davis</u>, after
being in custody for over eight (8) Months and giving
petitioner a "artificial review" in violation of INS own
regulation under 241.5 .

(2) Whether the immigration service is holding petitioner
on a "Bogus order of removal" in violation of due proces
based on the fact that the Immigration judge deported
petitioner on a charge that was not on the notice to
appear brought by INS which the Judge Lack Jurisdiction
to conduct. And if so,
Whether the Immigration judge violated petitioner by not
granting a 212(c) waiver, since petitioner was deportable
on the 13 Years old Attempt Assault charge pursuant to
<u>St Cyr V. INS</u>, 2000 W.L 1234850 Sep 4, 2000 and Amended
<u>INS V. St Cyr</u>, No 00-767, ---U.S----, June 25, 2001.


## ARGUMENT IN SUPPORT AND MEMORANDUM OF LAW.

**GENERAL GROUNDS:**

Petitioner avers that it is uncontroversible that the
constitution of the United States provides Due process guarantee
and equal protection to aliens as well as citizens. <u>Yickwo V.</u>

Hapkin, 118 U.S. 356 (1886); Desousa V. Reno, 190 F.3d 175, 184
(3rd Cir. 1999).

Over one century ago, the First justice Harlam admonish
the court that "the constitution of the United States neither
knows, nor tolerates classes among others..."
See Plessy V. Ferguson, 163 U.S 537 (1896) and

"neither the prison walls does.....seperat[e]
inmated from the constitutions protections"
See Turner V. Safley, 482 U.S. 78 at 84 (1987).

As due process, it is indisputable that aliens have both substan-
tive and procedural rights specifically when applied to a lawful
permanent resident of the United States that was affirmed by the
supreme court in Kestitus Zadvydas V. Davis Underdown, ---U.S---.


I- **Review process violation.**


Petitioner states that, INS has giving him a "Super-
ficial and Artificial review" that violates petitioner both
Substantive and Procedural due process by deliberately detained
him without considering all papers submitted that will rendered
him eligible for parole after his native contry of Guyana refuse
to accept him back and did not have any repratriation agreement
with the United States for over years. Petitioner also avers that
INS violated their own regulation by not serving petitioner with
the custody determination papers enonciated in the Interim Rules
and regulation.

In his recent ruling, Honorable Judge Cardwell, by an
order dated Sep 27, 2000 and specificaly January 11, 2001, requested
that INS produce the court with the custody review material If
the review were surching and bias to petitioner and if INS did
comply with the procedures in Ngo,. See Jibril Koita, 2000 W.L

1456237 M.D.PA (Copy of order Attached........).

While back, the court in <u>Phan V. Reno</u>, 56 F.Supp. 2n 1149 (W.D. Wash, 1999) ruled the superficial reviews provided by INS and continuancely denied and detained them without any consideration of aliens favorable evidence that warrant release.

In the order dated April 02, 2001, <u>Judge Muir</u>, released petitioner on parole under 241.5 after determining the INS abuses and abrasive conducte against aliens that are awaiting removal, but qualifies for release on parole and still detain them by conducting what it so call "an artificial review" in violation of due process that schocks the consience. See <u>Moushataq J. Korkee V INS</u>, No.4-00-CV-1044 (M.D.PA, Williamsport, April o2, 2001).

The supreme court ruled on June 29, 2001, releasing how immigrants with order of removal that are keept behind bars in-definitely becouse there countrys will not take them back or do not have repatriation agreement with the United States. <u>Justice Stephen Breyer</u> wrote :

> " Freedom from imprisonment, detention, from
> government custody or other forms of
> physical restrain lies at the heart of the
> liberty interest that"the fifth Amendments
> due process"clause protectcts" and
> INS must prove the court why it thinks it
> has a chance of deporting such alien in the
> "foreseeable future" and If not, the alien
> can be set free after six(6) months or more
> <u>INS V. Kim Ho Ma</u>,---U.S.---,June 29, 2001;
> <u>Kestutis Zadvydas V. Davis</u> , Supra.

In this instant case, petitioner is a depotable alien rather than a excludable alien who has being in custody for over eight(8) Months and INS file review were inexistant, artificial and perfunctory in nature, thus require automatical release from this court on supervised release or bond as in <u>Zadvydas</u> and strike down the statue in violation of petitioner's due process rights under the Fifth(5th) amendment rights.

Petitioner also aver that In the supreme court case, the court correctly held that the government may not indefinitely imprison immigrants who committed crimes in the United States when their home countries refuse to take them back or no longer exist.

It's so analogous in this case, because INS is well aware that petitioner's country Gayana do not have any agreement of refoulement with the united states and do not take their citizen deported from the united states. The INS abuse by indefinitely detain petitioner shows carelessness, wrongfullness and unlawfullness the Supreme court just strike by setting a six(6) months cap. The court should take into consideration that removal proceeding is civil, not criminal and excessive and indefinite incarseration are forbidden by the constitution the court just reveil in light.

## DETENTION BASED ON AN BOGUS ORDER:

Petitioner to a certain extent, believed to be held on an "BOGUS REMOVAL ORDER", because the Immigration Judge can not removed petitioner from the United States based on a 13 Years old conviction that INS service did not presented on the notice to appear, which violated petitioner due process.

At the hearing, neither petitioner was aware that, the assault charge which dated a decade will rendered him removed from the United States and nor the INS during the proceding brought it up for debate. At the calendar hearing, where the judge (IJ) would of adjusted petitioner status under 212(h) and terminated the proceeding.

8

INS has brought the conviction to the judge attention and the judge immediatly ruled that, assoutl is a crime of violence, thus, petitioner could not adjusted his status under 212(h) and is not eligible for 212(c) wiaver and order petitioner removed to Guyana. Petitioner however, strongly believed that the judge(IJ) lack jurisdiction over that matter and if so, petitioner do qualifie for 212(c) waiver since, at the time of the plea for the assqult charge, 212(c) waiver was avalaible to petitioner.

At the present jucture, petitioner should definetely asserts that, now that the supreme court decided the case in St. Cyr, petitioner is statutorily eligible for 212(c) relief before an immigration judge. The record reveals that, the Immigration judge was bias to petitioner by not conducting a hearing based on the 212(c) waiver requested by petitioner, which in this sence violates petitioner's due process right due to a conviction that pre-dated AEDPA.

## CONCLUSION.

Wherefore, petitioner respectfully request this honorable court to discharge petitioner on parole or Bond and grant the writ petition based on the above stated reasons and opinion of the Supreme court ruling as in Zadvydas, Id , and for any and all others reliefs the court deems proper in this matter that will safeguards petitioner's constitutional rights.

Respectfully submitted

Executed on 2 Day of July, 2001.

Rohan R. Persaud

9./

Exh A

Only the Westlaw citation is currently available.

United States District Court,
M.D. Pennsylvania.

Jibril **KOITA**, Gladwin Wilson, Maher Omari, Saleh
Sherif, Celio De La Cruz, Anh
Le, Petitioners
v.
Janet **RENO**, Respondent

No. CIV. A. 1:CV-00-0070.

Sept. 27, 2000.

Jibril Koita, Cty-York, York County Prison, York, Pro
se.

Gladwin Wilson, Cty-Sny, Snyder County Jail,
Selinsgrove, Pro se.

Omari Maher, Cty-Sny, Snyder County Jail,
Selinsgrove, Pro se.

Saleh Sherif, Cty-Sny, Snyder County Jail,
Selinsgrove, Pro se.

Celio De La Cruz, Cty-Sny, Snyder County Jail,
Selinsgrove, Pro se.

Anh Le, Cty-Sny, Snyder County Jail, Selinsgrove,
Pro se.

Mary Catherine Frye, U.S. Attorney's Office,
Harrisburg, for Janet Reno, respondents.

MEMORANDUM

CALDWELL, District J.

I. Introduction.

*1 This pro se petition for a writ of habeas corpus
under 28 U .S.C. § 2241 was filed by Jibril Koita,
Gladwin Wilson, Maher Omari, Saleh Sherif, Celio De
La Cruz, and Anh Le. When the case began, they were
all aliens who were being detained by the Immigration
and Naturalization Service (INS) while the INS
pursued administrative steps to remove them from the
United States.

This case is not an attempt to litigate the merits of the
removal proceedings at the agency level. Instead, it
contests mandatory detention under 8 U.S.C. §
1226(c), INA § 236(c), without opportunity for release
under supervision during completion of those
proceedings. The petition asserts that mandatory
detention violates the Fifth Amendment right to
substantive and procedural due process. [FN1]

The claims of four of the petitioners have been
mooted. The orders of removal for three of them,
Gladwin Wilson, Saleh Sherif and Anh Le, have
become final and their administrative appeals to the
Board of Immigration Appeals (BIA) have been
denied. They are thus no longer subject to mandatory
detention under section 1226(c), INA § 236(c),
although they are being detained under 8 U.S.C. §
1231, INA § 241, while they await removal. The
fourth, Celio De La Cruz, has already been removed to
the Dominican Republic.

However, Jibril Koita and Maher Omari are still in
administrative proceedings and the petition remains
viable for them. After review of the case law, we
conclude that these petitioners are entitled to habeas
relief, but instead of granting the writ unconditionally,
we will first give the INS an opportunity to review their
cases individually to determine if they should be
released on bond.

II. Background.

A. Jibril Koita.

Petitioner, Jibril Koita, a citizen of Gambia, entered
the United States in 1989 on a visitor's visa. In January
1995, he was convicted in New York of possession of
stolen property in the fifth degree. In June 1995, he
applied for and was granted status as a permanent
resident alien. In February 1999, he was sentenced in
the United States District Court for the District of
Delaware to six months for conspiracy to commit bank
fraud.

In June 1999, the INS sent Koita a notice to appear,
informing him that under 8 U.S.C. § 1182(a)(6)(C)(i),
INA § 212(a)(6)(C)(i), the agency intended to remove
him for fraudulently failing to reveal on his application
for permanent- resident-alien status several arrests in
New York in 1994 and 1995 that made him
inadmissible under 8 U.S.C. § 1227(a)(1)(A), INA §
237(a)(1)(A). In August 1999, he was notified of an
additional ground for removal--that his criminal
convictions set forth above were crimes of moral
turpitude subjecting him to removal under 8 U.S.C. §
1227(a)(2)(A)(ii), INA § 237(a)(2)(A)(ii). Koita
remains in mandatory detention while the INS proceeds

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

against him. He has a hearing scheduled for October 2, 2000, before an immigration judge

B. Maher Omari.

Petitioner, Maher Omari, is a citizen of Jordan who entered the United States on a student visa in 1989. In October 1998, he pled guilty in federal court to conspiracy to defraud the government and was sentenced to twenty months incarceration. On May 10, 1999, a final order of removal was entered against him on the basis that his crime was an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), INA § 101(a)(43), and that it required his removal under 8 U.S.C. § 1227(a)(2)(A)(iii), INA § 237(a)(2)(A)(iii).

*2 Petitioner requested relief from removal on two grounds; first, that he would be persecuted as a member of a particular social group if he is returned to Jordan; second, that he would be tortured if he is returned. His case was referred to an asylum officer. In July 1999, the asylum officer decided that Omari had a reasonable fear of persecution and referred his case to an immigration judge.

The immigration judge held a hearing and considered Omari's claim of persecution if he is returned to Jordan. The judge also considered his claim of torture under the United Nations Convention Against Torture. On October 8, 1999, under 8 U.S.C. § 1231(b)(3), INA § 241(b)(3), the immigration judge granted Omari withholding of removal on the ground that he would be subject to persecution as a member of a particular social group.

The INS appealed that decision to the BIA. On April 7, 2000, the BIA reversed the immigration judge, ruling that Omari did not qualify as a member of a particular social group within the meaning of the immigration law. However, it remanded the case to the immigration judge to determine if Omari could qualify for withholding of removal on the ground of torture.

On May 24, 2000, the immigration judge again decided that Omari was entitled to withholding of removal, this time on the ground that he would be tortured if returned to Jordan. [FN2] On June 1, 2000, the INS appealed this ruling to the BIA, and the appeal is still pending. In the meantime, Omari is being held in mandatory detention.

III. Discussion.

In opposing the petition, the respondent argues that the

petitioners have no due process right to release on bail, relying solely on Parra v. Perryman, 172 F.3d 954 (7th Cir.1999). Parra did reject such a right, but its ruling was based on a narrow set of facts, so narrow that we fail to see how Parra could guide other courts facing the same due process issues in other factual contexts.

In Parra, a Mexican citizen being held in mandatory detention pending conclusion of INS removal proceedings against him filed for habeas relief, claiming that he had a due process right under the Fifth Amendment to release on bail during this period. However, he conceded his guilt for a felonious sexual assault. He also conceded that this crime was an aggravated felony under federal immigration law subjecting him to removal. There was also no question that Mexico would accept him. The Seventh Circuit concluded that an alien in these circumstances has no due process right to release on bond.

The court reasoned as follows. First, since the petitioner himself admitted that he was removable, any legal right to remain in the United States had come to an end, and any administrative appeals Parra was pursuing were merely "postponing the inevitable." 172 F.3d at 958. Second, Parra could not prevail under Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the lead case for examining procedural due process claims. Under the Mathews test: (1) the private interest at stake was nonexistent since Parra's concessions left him without any cognizable interest in remaining in the United States; (2) the likelihood of INS error in ordering removal was zero, again because Parra had conceded removability; and (3) the government's interest in mandatory detention was high, given that 90% of aliens released on bond flee. 172 F.3d at 958.

*3 Our case is materially different because, unlike in Parra, neither of the petitioners here concede that they are removable. Hence, Parra 's reasoning would not apply. Other courts have similarly distinguished Parra. See Chukwuezi v. Reno, No. 3:CV-99-2020, slip op. at 3-4 (M.D.Pa. May 16, 2000)(Vanaskie, C.J.); Hon Man Szeto v. Reno, 2000 WL 630869, at *4 (N.D.Cal.); Nhoc Danh v. Demore, 59 F.Supp.2d 994, 1003 (N.D.Cal.1999). We therefore look elsewhere to resolve the petitioners' claims.

The law in this area is unsettled. Some courts have held that immigrants have no due process rights in these circumstances and must stay in detention during INS administrative proceedings. See e.g., Avramenkov v. INS, 99 F.Supp.2d 210 (D.Conn.2000); Okeke v.

Pasguarell, 80 F.Supp.2d 635 (W.D.Tex.2000); Reyes v. Underdown, 73 F.Supp.2d 653 (W.D.La.1999); Diaz-Zaldierna v. Fasano, 43 F.Supp.2d 1114 (S.D.Cal.1999). Other courts have decided otherwise. See Chukwuezi, supra; Welch v.. Reno, 101 F.Supp.2d 347 (D.Md.2000); Van Eeton v. Beebe, 49 F.Supp.2d 1186 (D.Ore.1999); Nhoc Danh, supra; Bouayad v. Holmes, 74 F.Supp.2d 471 (E.D.Pa.1999); Martinez v. Greene, 28 F.Supp.2d 1275 (D.Colo.1998).

After review of the case law, we agree with the latter opinions and rule that, as applied, the petitioners have both a substantive and procedural due process right to a hearing before an immigration judge on whether they should be released on bond pending completion of their INS proceedings.

The cases provide the analysis, so extended discussion is not necessary. We need only note as follows. These petitioners entered the country legally and have a liberty interest in freedom from bodily restraint that is protected under both substantive and procedural due process. See Bouayad, supra, 74 F.Supp.2d at 474 (citing Reno v. Flores, 507 U.S. 292, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993), and Foucha v. Louisiana, 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992)). [FN3]

As applied, the mandatory-detention requirement violates substantive due process because it incarcerates all immigrants who are in INS removal proceedings without regard to whether an individual alien poses a flight risk or a danger to the community. See Van Eeton, supra; and Martinez, supra, (both citing United States v. Salerno, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)); Welch, supra. Detention could exceed a year, or even more, as this case shows, since Koita's hearing has yet to take place, having been scheduled for October 2, 2000.

As applied, and using the Mathews analysis, mandatory detention also violates procedural due process by not granting the immigrant an opportunity to be heard on whether he should be released from confinement while INS proceedings are pending. Chukwuezi, supra; Van Eeton, supra; Nhoc Danh, supra; Martinez, supra.

Accordingly, we will order the respondent to grant these petitioners an opportunity to show that they should not be confined. As Chief Judge Vanaskie did in Chukwuezi, we will require the review process found acceptable in Chi Thon Ngo, supra, or an equivalent.

*4 We will issue an appropriate order.

## ORDER

AND NOW, this 27th day of September, 2000, it is ordered that:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 is granted as follows.

2. The petitioners shall be released unless, within 30 days of the date of this order, the respondent grants the petitioners a review of their detention in accord with the procedures discussed in Chi Thon Ngo v. INS, 192 F.3d 390 (3d Cir.1999), or other procedures that are as favorable.

3. The Clerk of Court shall close this file but either petitioner may reopen it if the respondent has not granted the petitioner the relief ordered within the deadline imposed.

FN1. The detention issue in this case is thus different from the one we recently faced in Cuesta Martinez v. INS, 97 F.Supp.2d 647 (M.D.Pa.2000), where agency proceedings had been completed, the immigrant was subject to a final INS order of removal, and the issue was whether the INS could detain him indefinitely while finding a country that would accept him. See also Son Vo v. Greene, ___ F.Supp.2d ___, 2000 WL 1175095, at *3 n. 2 (D.Colo.2000)(noting the difference in the issues).

FN2. In doing so, the immigration judge relied on the same findings of fact he had made in connection with his earlier ruling. The immigration judge found that Omari and a cousin had fallen in love but that her family had refused them permission to marry and had arranged her marriage to another man. Shortly before the marriage, Omari used his position as a police officer to free her from her family, but only for a few days. During this time they had sexual relations. The young woman was apprehended and murdered by her own family because her conduct had violated Islamic tribal law. Omari was also marked for death by his own father, a prominent military leader in Jordan, for this transgression of tribal law. The immigration judge also found that the dead woman's family was aware that Omari was in removal proceedings and was awaiting his return. The judge concluded that the intended homicide qualified as torture under the U.N. Convention.

FN3. Even an inadmissible alien, one apprehended before entry into the country, is protected by substantive due process. Chi Thon Ngo v. INS, 192 F.3d 390, 396 (3d Cir.1999).

END OF DOCUMENT

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

EXH. D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JIBRIL KOITA,
GLADWIN WILSON,                          :
MAHER OMARI,
SALEH SHERIF,                            :
CELIO DE LA CRUZ,
ANH LE,                                  :
      Petitioners              :

    vs.                                :   CIVIL ACTION NO. 1:CV-00-0070

                          :

JANET RENO,
      Respondent                   :

FILED
HARRISBURG, PA

<u>O R D E R</u>

JAN 1 9 2001

MARY E. D'ANDREA, CLERK
PER_____
DEPUTY CLERK

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

     By orders dated November 29, 2000, and December 22, 2000, we decided to consider the claim of petitioners, Jibril Koita and Maher Omari, that the INS had not given each of them the hearing under <u>Chi Thon Ngo v. INS</u>, 192 F.3d 390, 396 (3d Cir. 1999), that we had required in our order of September 27, 2000.

     The respondent has filed separate responses for each petitioner, contending that the INS complied with our September 27 order.

     In regard to Koita, the response indicates the INS interviewed him on October 19, 2000, and decided that his continued detention was appropriate, as supported by a custody review worksheet attached to the response.

AO 72A
(Rev.8/82)

We have examined this document and have concluded that it is not by itself enough to show that Koita received the hearing required by <u>Chi Thon Ngo</u>. That case requires an analysis of the alien's risk of flight and danger to the community before his detention can be continued. The worksheet does not show that these factors were considered. However, it does refer to a decision by the Institutional Hearing Program Director at Allenwood, affirmed by an immigration judge, that the petitioner should not be eligible for bond pending his removal hearing. If appropriate evidentiary material is submitted to show that these officials considered Koita's risk of flight and danger to the community, then we could conclude the INS complied with our order.

In regard to Maher Omari, the response indicates that the Board of Immigration Appeals (BIA) dismissed the agency's appeal of the immigration judge's decision granting Omari relief from deportation to Jordan, where he faced torture. However, it also indicates that Omari remains in detention while the INS finds another country to which he can be removed, and the INS represents that the BIA's action only has the effect of making his removal order final. The respondent asserts that Omari is scheduled for an interim hearing on February 1, 2001, to determine if he should be released on bond until his removal and that the hearing will use the <u>Chi Thon Ngo</u> factors.

2

AO 72A
(Rev.8/82)

Our review of the submissions on Omari indicate that the February 1 hearing will provide Omari the relief he seeks here. His request for relief will therefore be dismissed as moot.

Accordingly, this 19th day of January, 2000, upon consideration of the respondent's response to the petitioner's motion to reopen, it is ordered that:

> 1. Within twenty days of the date of this order the respondent shall, if she can, submit appropriate evidentiary material showing that Koita's risk of flight and danger to the community were considered in the decision to continue his detention.

> 2. Omari's request for relief (doc. no. 30) is denied based on the imminence of the February 1, 2001, hearing.

William W. Caldwell
United States District Judge

3

ROHAN R. PERSAUD
A38-746-586
TOWEL 3, ECHO K-2
1371 N. WASHINGTON AV
SCRANTON, PA 18509

July 04th, 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
CLERK OF THE COURT
235 N. WASHINGTON AVE
SCRANTON, PA 18501

REF! ROHAN R. PERSAU
**RECEIVED** A38-746-586
**SCRANTON**

JUL 06 2001

DEAR CLERK,    PER 
DEPUTY CLERK

PLEASE FIND ENCLOSED THE ORIGINAL PETITION OF THE
WRIT OF HABEAS CORPUS AND A AFFIDAVIT OF IN FORMA
PAUPERIS APPLICATION.

PLEASE I AM IN DETENTION AT LACKAWANNA COUNTY
PRISON WHERE I DON'T HAVE ACCESS TO THE LIBRARY,
NEITHER TO A COPY MACHINE THAT RENDED ME ENABLE
TO MAKE A COPY OF THIS MOTION FOR MY OWN. I WILL
APPRECIATE THAT YOU SEND ME BACK ONE (1) COPY AND OT
PRO SE BOOKLET FOR PROCEDURE GUIDE.

SINCERELY
Rohan R Persaud