



LNG:gpw

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROHAN R. PERSAUD          :
A38-746-586              :
       Petitioner     :
                        :     Civil No. 1:CV-01-1255
                        :
     v                :
                        :     (RAMBO, J.)
JOHN ASHCROFT, Attorney General  :
CHARLES W. ZEMSKI, Acting     :
District Director,            :
       Respondents    :

Pi Hz

FILED
SCRANTON

JUL 3 0 2001

PER _____
     DEPUTY CLERK

## THE GOVERNMENT'S OPPOSITION TO THE PETITION
## FOR WRIT OF HABEAS CORPUS AND COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

### PRELIMINARY STATEMENT

On July 6, 2001 Petitioner, Rohan R. Persaud, filed the instant Petition for Writ of

Habeas Corpus requesting this Court to enter an Order requiring his release from

Lackawanna County Jail where he is currently being detained pursuant to federal

authority pending his removal from the United States to his native Guyana. By Order

dated July 13, 2001, this Court granted Petitioner permission to proceed in forma

pauperis and directed Respondents to file a response to the Petition within twenty days.

This Memorandum constitutes the Respondents' Opposition.[1]

---

[1] It should be noted that the named Respondents are not proper parties to this
action. Peon v. Thornburgh, 765 F. Supp. 155 (SDNY 1991) ("[a] petition for habeas
corpus must be brought against the petitioner's custodian . . .").

## STATEMENT OF THE FACTS

Petitioner is a native and citizen of Guyana. He was admitted into the United States at New York, New York as a lawful permanent resident on May 26, 1984. He was subsequently convicted of the following offenses in New York State Courts:

| DATE | OFFENSE |
|------|---------|
| November 23, 1988 | operating vehicle while impaired by alcohol |
| March 29, 1989 | operating vehicle while impaired by alcohol |
| September 7, 1989 | attempted assault in the first degree |
| November 29, 1996 | driving while intoxicated (DWI) |
| December 15, 1998 | driving while intoxicated (DWI) |

Bench warrants were issued for Petitioner's arrest during the course of these various proceedings on or about April 11, 1988; January 4, 1989; and, May 12, 1989. Because Petitioner's second conviction for DWI was a felony he was sentenced to serve an indeterminate term of one to three years imprisonment. See McKinney's Vehicle and Traffic Law Sections 1192(2) and 1193(1)(c)(i).

As a result of Petitioner's felony DWI conviction the Immigration and Naturalization Service (INS) instituted removal proceedings by the filing of a Notice to Appear dated April 16, 1999. That document charged Petitioner with being removable from the United States pursuant to the Immigration and Nationality Act (the Act) in that

2

he had been convicted of an aggravated felony as defined in 8 U.S.C. §1101(a)(43)(F) (a crime of violence for which the term of imprisonment at least one year was imposed).

Petitioner was afforded a removal hearing under New York State's Institutional Removal Program while in the custody of the New York State Department of Correctional Services. Through his counsel, Petitioner contested his removal on the ground that his DWI conviction was not a crime of violence and therefore not an aggravated felony. The Immigration Judge held that it was a crime of violence and Petitioner was ordered removed on November 16, 1999.[2]

Petitioner did not appeal the Order of Removal. Rather, on August 29, 2000 he filed a motion to reopen proceedings arguing inter alia that his felony DWI conviction did not constitute an aggravated felony. On September 21, 2000 an Immigration Judge denied Petitioner's Motion to Reopen and Petitioner appealed. By Order dated December 28, 2000 the Board of Immigration Appeals (BIA) dismissed the appeal finding no error in the Immigration Judge's determination that Petitioner was subject to removal based upon his second conviction for driving while intoxicated. See BIA decision dated December 28, 2000 attached hereto as Exhibit 1.

---

[2]On October 22, 1999 INS lodged an additional charge against Petitioner pursuant to the provision of Section 237(a)(2)(A)(i) of the Act based upon Petitioner's 1989 conviction for attempted assault in the first degree. Thus, Petitioner was subject to removal based upon his conviction of two aggravated felonies: DWI and attempted assault in the first degree. The removal Order was based on the felony DWI.

On January 10, 2001 Petitioner, via his attorney, Andrew Friedman, New York, New York, filed a Motion with the BIA requesting reconsideration of the BIA's denial of Petitioner's Motion to Remand Removal Proceedings. See Exhibit 5 attached hereto. Upon information and belief, the Motion for Reconsideration is currently pending before the BIA. By Order dated July 19, 2001, the BIA granted Petitioner a stay of removal pending consideration of his Motion for Reconsideration. See BIA's Order dated July 19, 2001 attached hereto as Exhibit 2.

Meanwhile, having completed his state sentence of incarceration, on or about December 18, 2000 Petitioner was transferred to the custody of INS pending resolution of the removal proceeding. On April 13, 2001, INS reviewed Petitioner's custody status and determined that he should not be released from custody because it was not clearly evident that he was unlikely to pose a threat to the community and/or unlikely to remain non-violent. See Decision by District Director to continue detention attached hereto as Exhibit 3 and Post-Order Custody Review worksheet attached hereto as Exhibit 4.

## ARGUMENT

## THE PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF SHOULD BE DENIED.

Petitioner claims he is entitled to be released from INS custody on several grounds:

1. That he is being held by the INS indefinitely without the possibility of release since his Order of Removal was entered on November 16, 1999 in violation of <u>Zadvydas v. Davis</u>, 533 U.S. ___ 121 S. Ct. 2491 (2001);

2. He was afforded only an "artificial review" of his removal proceeding, and,

3. The Immigration Judge violated Petitioner's constitutional rights by not granting him a Section 212(c) waiver.

Not only are all of Petitioner's arguments devoid of merit, but he has filed to exhaust administrative remedies.


## I. PETITIONER HAS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES

Petitioner has filed the instant Petition for Writ of Habeas Corpus to contest the legality of his detention by INS pending his removal proceeding. It is settled law that a Writ of Habeas Corpus will not issue to a prisoner who has failed to exhaust available state or administrative remedies. <u>Salazar v. Reich</u>, 940 F. Supp. 96 (SDNY 1996) (alien

seeking release on bond pending determination of his application for political asylum and deportation proceeding must exhaust administrative remedies).  See generally O'Sullivan v. Doerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1733 (1999) (in order to satisfy the exhaustion requirement a petitioner for a federal habeas review is required to present claims to the state supreme court even though its review might be discretionary).  It is Petitioner's burden to establish that he has exhausted all administrative remedies. See, e.g., Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), cert. denied, 522 U.S. 833 (1997) citing Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994).

Petitioner has been contesting his removal to his native Guyana since the INS initiated removal proceedings in April 1999.  Indeed, Petitioner's Motion for Reconsideration is currently pending before the BIA and he was granted a stay of removal by the BIA pending disposition of that Motion.  All of the arguments Petitioner raises in the instant Petition for Writ of Habeas Corpus are being raised by him via his counsel in his Motion for Reconsideration currently pending before the BIA.  See Petitioner's Motion for Reconsideration attached hereto as Exhibit 5.  Since Petitioner has failed to exhaust all administrative remedies, his instant Petition for a Writ of Habeas Corpus must be denied.

## II.  PETITIONER IS NOT BEING CONFINED INDEFINITELY WITHOUT A POSSIBILITY OF RELEASE IN VIOLATION OF ZADVYDAS V. DAVIS.

The Supreme Court in Zadvydas v. Davis, 533 U.S. ____, 121 S. Ct. 2491 (June 28, 2001) held that 8 U.S.C. Section 1231(a)(6), which allows for the detention of aliens beyond the removal period, contained an implicit "reasonable time" limitation, the application of which was subject to federal court review.  The Court explained that an alien who has been found to be removable from the United States but who is unable to be removed from the United States because no other country will accept him has a strong liberty interest that presents a serious question:  whether the Constitution permits detention that is not only indefinite but potentially permanent.  In construing 8 U.S.C. §1231(a)(6), the Court recognized a presumption that detention for six months after the final Order of removal was reasonable.  After the six month period and the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish evidence sufficient to permit continued detention.  See 121 S. Ct. at 2503-2505.

Here, although the final Order of removal was entered on November 16, 1999, Petitioner has not been removed to his native Guyana because he successfully sought a stay of his removal pending resolution of his motion for reconsideration.  Attached hereto as Exhibit 2 is the Board of Immigration Appeal's decision to grant Petitioner's request for a stay of removal on July 19, 2001.  Having specifically sought a stay of removal,

Petitioner is hardly in a position now to claim that he should be released because "there is no sufficient likelihood of removal in the foreseeable future." Unlike aliens whose country does not have a repatriation agreement with the United States, there is a substantial likelihood of Petitioner's removal in the reasonably foreseeable future. Once he exhaust his appeals and the stay is lifted Petitioner will be removed to his native Guyana.

At the risk of belaboring the point, the INS has reviewed Petitioner's custody status. The District Director for the Philadelphia District of the Immigration and Naturalization Service found that Petitioner was not entitled to a release from custody based upon his prior criminal record which evidences his threat to the community and/or unlikeliness to remain non-violent. See Exhibit 3 attached hereto. In addition, in light of Petitioner's unsuccessful efforts to have his Order of Removal reversed, he is likely to flee if released from custody in order to escape removal. Thus, even assuming Petitioner has met his burden of showing that there is no sufficient likelihood of removal in the reasonably foreseeable future (which he did not), the Government has demonstrated that sufficient grounds exist to continue Petitioner's detention.

### III. PETITIONER WAS NOT GIVEN AN "ARTIFICIAL REVIEW" OF THE REMOVAL PROCEEDING

As previously discussed, Petitioner was ordered removed based upon his felony DWI conviction for which he was sentenced to serve a term of one to three years incarceration. The BIA has long held that an alien convicted of driving while under the influence and sentenced to more than one year incarceration is deportable as an alien convicted of an aggravated felony. See Exhibit 1 attached hereto. Matter of Magallanes, Interim Decision 3341 (BIA 1998). Further, as demonstrated by the attached Exhibits, the review of Petitioner's Order of Removal was not "artificial" but rather substantial and ongoing.

### IV. PETITIONER WAS NOT ENTITLED TO A SECTION 212(c) WAIVER.

Petitioner claims that the Immigration Judge should have afforded him a Section 212(c) waiver because Petitioner was deportable on the 13 year old attempted assault charge pursuant to INS v. St. Cyr, supra. Petitioner misstates the facts and law. First, as previously discussed, Petitioner was ordered deported based upon his prior conviction for felony DWI. Although he was subject to deportation based upon his 1989 attempted assault in the first degree, he was actually deported based upon his 1998 felony DWI. Since Petitioner was ordered deported based upon the DWI his claim to a Section 212(c) Waiver must fail.

9

As a historical matter, prior to 1996, Section 212 of the Immigration and Nationality Act of 1952 excluded from the United States several classes of aliens including those convicted of offenses involving moral turpitude or dealing with traffic and narcotics. However, this section was subject to a proviso granting the Attorney General the ability to grant a waiver if certain criteria were met. Arguably, if Petitioner had been ordered deported based upon his 1989 conviction for attempted assault in the first degree he might have been entitled to a Section 212(c) Waiver or at least consideration therefore. See generally INS v. St. Cyr, ___ U.S. ___, 121 S. Ct. 2271 (June 25, 2001).

However, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) in 1996 which severely narrowed the Attorney General's ability to cancel removal for inadmissible or deportable aliens. Anyone convicted of an aggravated felony is no longer within the class afforded such discretion. See 8 U.S.C. §1229b. INS v. St. Cyr, 121 S. Ct. at 2277. Since Petitioner's removal was based upon his 1998 aggravated felony conviction, he is not entitled to a waiver as a matter of law as found by the BIA in its decision dated December 28, 2000. See Exhibit 1 attached hereto.

10

## CONCLUSION

Based upon the foregoing, it is respectfully requested that an Order be entered

denying Petitioner's instant Petition for Writ of Habeas Corpus and Complaint for

Declaratory and Injunctive Relief in its entirety.

Respectfully submitted

MARTIN C. CARLSON
United States Attorney

LORNA N. GRAHAM
Assistant U.S. Attorney

Date: July 30, 2001

11

**U.S. Department of Justice**                        Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia  22041
=================================================================================

File:    A38 746 586 - New York                          Date:          DEC 28 2000

In re:   ROHAN RAMPERSAUD PERSAUD

IN REMOVAL PROCEEDINGS

APPEAL & MOTION

ON BEHALF OF RESPONDENT:   Andrew L. Friedman, Esquire


CHARGE:

    Notice:    Sec.    237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                       Convicted of aggravated felony


ORDER:

    PER CURIAM.  The respondent, a native and citizen of Guyana, was ordered removed by an Immigration Judge on November 16, 1999. The respondent did not appeal that decision. Subsequently, the respondent filed a motion to reopen proceedings on August 29, 2000. In a decision dated September 21, 2000, the respondent's motion to reopen was denied by the Immigration Judge. The respondent has appealed that decision.

    The respondent contends that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-596 ("IIRIRA") violates the equal protection clause of the 5th Amendment to the United States Constitution. The appeal will be dismissed.[1]

    The record indicates that the respondent was convicted on December 15, 1998, in the Supreme Court of the State of New York, County of Queens, for the offense of driving while intoxicated in violation of section 1192.2 of the Vehicle Traffic Law. The record further reveals that the respondent was sentenced to a term of incarceration of 1-3 years.

-------------------------------------------------------------

[1] The respondent notes in his appeal brief that he filed a motion to reopen and remand the record on or about November 28, 2000.  No such motion is contained in the record.

A38 746 586

Based upon our review of the record, we find no error in the Immigration Judge's determination that the respondent is subject to removal under section 237(a)(2)(A)(iii) of the Act based upon his conviction for driving while intoxicated. We held in *Matter of Magallanes*, Interim Decision 3341 (BIA 1998), that an alien convicted of driving while under the influence and sentenced to more than 1 year of incarceration is deportable as an alien convicted of an aggravated felony. We find that the respondent's conviction for driving under the influence of alcohol, for which he was sentenced to a period of incarceration in excess of 1 year, is an "aggravated felony" as defined in section 101(a)(43)(F) of the Act. Accordingly, the respondent is deportable under section 237(a)(2)(A)(iii) of the Act because he has been convicted of an "aggravated felony." *See also Matter of Puente*, Interim Decision 3412 (BIA 1999) (a conviction for the crime of driving while intoxicated under the Texas Penal Code is a conviction for a crime of violence and therefore an aggravated felony as defined in section 101(a)(43)(F) of the Act).

The respondent has cited the decision of the United States Court of Appeals for the Second Circuit *St. Cyr v. INS*, 229 F.3d 406 (2d Cir 2000), for the proposition that the repeal of discretionary relief added by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), does not apply retroactively to guilty pleas that preceded AEDPA's April 24, 1996, enactment. The record in this case reveals that the respondent was convicted on December 15, 1998. Accordingly, we find that the respondent's case does not fall within the scope of *St. Cyr v. INS, supra*, and he is statutorily ineligible to seek relief from deportation under section 212(c) of the Act.

Finally, the respondent has argued on appeal that the IIRIRA violates the equal protection clause of the Constitution because the new 212(c) provisions apply only in deportation proceedings and not in exclusion proceedings. This Board is without authority to rule on the constitutionality of laws enacted by Congress. *See, e.g., Matter of Fuentes-Campos*, 21 I&N Dec. 905 (BIA 1997); *Matter of C-*, 20 I&N Dec. 529 (BIA 1992).

For the reasons stated above, the appeal is dismissed.

Edward R. Grant

FOR THE BOARD



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia  22041*

Friedman, Andrew L.
450 Seventh Ave., 12th Floor,
New York,  NY  10123-0000

INS-Ulster Correction Facility/UL
Berme Road
Napanoch, NY  12458

Name: *S-PERSAUD, ROHAN RAMPERSAUD                    A38-746-586

<u>Date of this notice:</u> 12/28/2000

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

*Paul W. Schmidt*

Paul W. Schmidt
Chairman

Enclosure

Panel Members:
    GRANT, EDWARD R.
    MATHON, LAUREN R.
    ROSENBERG, LORY D.



**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

===============================================================================

File:     A38 746 586 - Ulster                           Date: July 19, 2001

In re: ROHAN RAMPERSAUD PERSAUD a.k.a. Rohan R. Persaud a.k.a. Rampersaud Persaud

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:    Andrew Friedman, Esq.
                            450 7th Avenue, 12th Floor
                            New York, NY 10123

COPY TO
DEPORT
GR
7|19|01

APPLICATION:   Stay of removal


    Counsel for the respondent has applied for a stay of removal pending consideration by the

Board of a motion to reopen.  After consideration of all information, the Board has concluded

that the request will be granted.


    ORDER:   The request for stay of removal is granted.



                          _Lory Diane Rosenberg_
                          FOR THE BOARD



**U.S. Department of Justice**
Immigration and Naturalization Service
Philadelphia District

*1600 Callowhill Street*
*Philadelphia, PA 19608*

June 3, 2001

PERSAUD, Rohan          A38 746 586
C/O Lackawanna County Prison
171 N Washington Ave.
Scranton, PA 18509

## Decision by District Director to Continue Detention
## Upon Expiration of Removal Period

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Naturalization Service (INS) at this time. This decision has been made based on a review of your file and consideration of the information submitted to INS reviewing officials in support of your application for release.

After carefully weighing the factors pertaining to your case, you will not be released from the custody of the INS because: you have demonstrated a propensity to engage in recidivist behavior as reflected by your criminal record, which reflects that you have been convicted for offenses including: Attempted Assault, Operating a Vehicle while Impaired by Alcohol, and DWI (twice). It is not clearly evident that you are unlikely to pose a threat to the community and/or unlikely to remain nonviolent.

Control of your custody case will be:

[X]    Transferred to the INS Headquarters Post Order Detention Unit. That unit will review your situation again. They will send a notice to you when they schedule that Interview. Any material touching on your qualifications for release that you wish to have considered should be submitted to District office having jurisdiction over your case. You will find their address at the bottom of the next page.

[ ]    Maintained at this office for another 90 days. If no travel document is obtained within that period, control will be transferred to the INS Headquarters Post Order Detention Unit. Until that time any inquiries or material that you wish to have considered should be submitted to:

_____ at _____.

        (Officer Name)                                       (Office Address)

*Charles W. Zemabe - MYC*                      *6-10-01*
_____           _____
Signature of District Director/Designated Representative       Date
(Page 1 of 2)

*Exhibit 3*

**Decision to Continue Detention Upon Expiration of Removal Period**
**Page 2**
PERSAUD  A38 746 586

---

### PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I _Deportation Officer Peter Popowytsch_
Name & Title of INS Officer

certify that I served _Rohan Persaud_ with a copy
Name of detainee

of this document at _Pike County Jail_ on _June 28, 2001_, at _2:00 P.M_
Institution                              Date            Time

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

I _Peter Popowytsch - DO_, certify that I served _Rohan Persaud_
Name & Title of INS Officer                              Name of detainee

an the custodian of records at _Lackawanna County Prison_
Institution

with a copy of this document by ~~certified mail~~ at on _June 28, 2001_
Fed'Ex                            Date

(   ) CC:  Attorney of Record or Designated Representative
( X ) CC:  A-File

**ADDRESS FURTHER CORRESPONDENCE TO:**
~~US INS~~          _Lackawanna County Prison_
~~170 Pike County Blvd.~~  _171 N. Washington Avenue_
~~Hawley, PA 18428~~        _Scranton, PA 18509_

Attn: Headquarters Post Order Detention Unit

# POST ORDER CUSTODY REVIEW WORKSHEET FOR FILE REVIEW AND/OR INTERVIEW

**Detainee Name:** PERSAUD, Rohan    **Date of Birth:** Sept 1, 1966    **"A" Number** A38 746 586

**AKAs:** PERSAUD, Rampersaud    **BOP Number:**

**Country of Birth:**    Guyana    **Citizenship:**    Guyanese

**Date of Arrival:**    May 26, 1984    **Place of Arrival:**    New York City

**Manner of Arrival:**    Legal Permanent Resident    **Last Date into INS Custody** Dec.13, 2000

**Entered INS Custody from:**    ☒    **Local, State, or Federal Institution**
                                 ☐    **Other**

**Location: Ulster Correctional Facility**
          **Naponoch, N.Y. 12458-0800**
              **Institution Number: 99-R-2330**
**Immigration History:**  (Prior INS arrest[s]/parole/bond/custody information)

          Describe:    Detainee entered U.S.A. at N.Y.C. on 5- 26- 1984 as a Legal Permanent Resident. Alien ordered removed by I.J. on 11-16- 1999. Alien's appeal dismissed by B.I.A. on 12-28- 2000. Detainee's attorney filed a Motion to Remand with the B.I.A. on 01-10-2001.

**Deportation Officer:** Peter Popowytsch    **Date of Review:**    4/17/2001

**Location Detained:**  Pike County Jail-Pike County, PA.

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**    ☒    Section 237 (a)  (2) (A) (iii)    Aggravated Felony
                         ☐    Section 212 (a)    ,  ,
                         ☐    Section 241  (a)    ,  ,

☒    Under <u>Final Order</u> dated    by ☐ IJ  ☒ BIA  ☐ Other

☐    Appeal Waived/Appeal Time Elapsed

**Travel Document Status/History: Travel Document request was sent to Embassy of Guyana on Dec.19, 2000. We have still not received a travel document from the Guyanese authorities, therefore we have requested Headquarters assistance in this matter.**

Page 1

## Legal Representative / Attorney

**G-28 Filed:**    ☒ Yes    ☐ No

**Notification of Interview Made:**    ☐ Yes    ☒ N/A    by:    on:

**Name of Representative / Attorney:**    Andrew Friedman who works for the law firm of Wilens&Baker

**Mailing Address:**    450 7th Avenue,43rd Floor-New York,N.Y. 10123  Tel#212-695-0060

**Present during interview:**    ☐ Yes    ☐ No

## Criminal History

**Outside the United States:**  Information not available
(specify nature of crime, whether convicted, sentence imposed, date, and country)

**In the United States:**    Alien convicted on 9-7-89 of Attempted Assault-1st Degree, 11-23-88 of operating vehicle while impaired by alcohol,3-29-89 of Oper MV .10 of 1 % Alcohol,11-29-96 for DWI: 2nd offense,3-2-99 of DWI:1st offense. Bench Warrants issued on 4-11-88,1-4-89 and 5-12-89.

**NCIC Checks:**    ☒ Criminal History Attached    ☐ No record Found
(State and Federal)

Summary of NCIC Checks:    Listed above under criminal history in the United States.

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**    ☐ Yes    ☒ No

If Yes, List & Describe:

Source:

**Disciplinary reports and Incidents while in INS Custody?**    ☐ Yes    ☒ No

If Yes, List & Describe:

## Specifics of Interview

**Date of File Review:**    April 17, 2001

**Date of Detainee Interview:** Not Applicable

**Location of Interview:**    Not Applicable

**Interviewing Officer:#1:**

               #2:    (optional)

**Interpreter Used:**    ☐ Yes    ☐ No    Name:
**Language/Dialect:**

---

**Does the detainee have a place to live in the United States?**    ☒ Yes    ☐ No

       Address:    56 Grattan Street-Brooklyn, N.Y. 11237

**Is the detainee subject to any parole or probation requirements?**    ☐ Yes    ☒ No

    Describe:

**Does the detainee have close family ties within the United States?**    ☒ Yes    ☐ No

       Describe:    Leela Persaud who is detainee's wife.Mrs. Persaud resides at 56 Grattan
       Street in Brooklyn, N.Y.Detainee has 2 children and their names are Shavanna&Mohan

**Does the detainee have any community ties or non-governmental sponsors?**
                  ☐ Yes    ☒ No
    Describe:

**Does the detainee have any employment prospects?**    ☒ Yes    ☐ No

       Describe:    Bedessee Imports Inc.in Brooklyn, New York has submitted letter on
detainee's behalf saying they would rehire detainee.

**What is the detainee's employment history?**

       Describe:    Detainee is supposedly a  former employee of Bedessee Imports Inc. in
Brooklyn, N.Y.

**What is the detainee's educational level?**
       Describe: Information not given in file.

**Does the detainee have any vocational training?**
       Describe: No evidence of vocational training.

## Medical/Psychological Concerns

**Medical/Psychological Report / Summary:** ☐ Attached  ☒ None  ☐ Not Available

**Date and Source:**

**Other documentary evidence for consideration in this review:**

Detainee's wife submitted a letter requesting her husband's release. Detainee's former employee submitted an offer of employment letter on his behalf.

## Discussion at Interview

**Notes:** Alien was not interviewed, only file was reviewed.

The INS detainee was found ☐ **CREDIBLE**    ☐ **NOT CREDIBLE**
Explain: **Not Applicable being that only file was reviewed.**

## Officer Comments/Analysis & Recommendation

**Detainee has 5 convictions on his record; 1, for Attempted Assault-1st Degree, 2 for operating a vehicle while impaired by alcohol and 2 for driving while intoxicated. Detainee's attorney only makes mention of 2 convictions, meanwhile the detainee has 5 convictions on his record. The detainee has used 1 alias, 3 dates of birth, 4 places of birth and 2 social security numbers. This, in my opinion, makes him a high flight risk. The D.W.I. charges are very serious in that they show detainee's total disregard for the safety of other individuals. The detainee also has some history of violence. These preceding factors make him an extreme danger to society. Due to the aforementioned reasons I in good conscience cannot give the detainee a favorable recommendation, therefore I strongly recommend the continued detention of Mr. Rohan Persaud.**

_Pat Parrott_ – DPO – NYC        _April 17, 2001_
Interviewing Officer #1:        Date:


Interviewing Officer #2:        Date:
(optional)        _I concur_

Reviewed by: _Joel T Mikkelson BSDC_        _5-15-01_
        Date:

**Page 5**

## DISTRICT DIRECTOR'S CUSTODY DETERMINATION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

     Bond Amount: _____

☐    CONTINUE IN CUSTODY / RETAIN CUSTODY DETERMINATION AUTHORITY
     FOR AN ADDITIONAL 90 DAYS AFTER REMOVAL PERIOD.

☒    CONTINUE IN CUSTODY / TRANSFER CUSTODY DETERMINATION
     AUTHORITY TO HQ PDU.

Comments (attach additional sheet(s) if necessary):

INS District Office: _Phila, PA_____

Signature of District Director:    _____    Date: _05/18/01_
or of District Director's Designee
     _JP Sallemi DADD_____
     (Printed Name & Title)

## *HEADQUARTER'S REVIEW OF CONTINUED DETENTION*

| Reviewing Officers | Concur | Reconsider | Date |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| (Name, Title, Signature) | | | |
| _____ | _____ | _____ | _____ |
| (Name, Title, Signature) | | | |
| _____ | _____ | _____ | _____ |
| (Name, Title, Signature) | | | |

For comments, please refer to the "Headquarters Post Order Custody Review" form.

(Final 10/18/99)

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS

---

In the Matter of

**Rohan Persaud**
**A38 746 586**

Respondent

---

### MOTION TO RECONSIDER

Andrew L. Friedman, Esq.
WILENS & BAKER, P.C.
450 7TH Avenue, 12th floor
New York, New York 10123
Tel: (212) 695-0060

January 5, 2001

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
_____x

IMMIGRATION AND NATURALIZATION SERVICE

                              -against-

ROHAN PERSAUD,


                                    Respondent.
_____x

**ORDER  OF COURT**

File No.  38 746 586


### ORDER OF THE COURT

This matter is now before the Board of Immigration Appeals on Respondent's Motion to

Reconsider, and the Court, being duly advised, now finds that such motion should be

GRANTED/DENIED.

IT IS THEREFORE ORDERED that the Respondent's Motion be granted and that the case

be remanded to the Immigration Judge for further proceedings.


                                    _____
                                    **Member of the Board**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS

_____ x

IMMIGRATION AND NATURALIZATION SERVICE

     -against-

ROHAN PERSAUD,

         Respondent.

_____ x

**NOTICE OF MOTION**

File No.  A38 746 586

   PLEASE TAKE NOTICE that upon the annexed affirmation of Andrew L. Friedman, Esq.,

an associate attorney with the law firm of WILENS & BAKER, P.C., attorneys for the

Respondent, Rohan Persaud, and upon all of the proceedings had heretofore and the papers filed

therein, the Respondent will move this Court for Reconsideration of its denial of the

Respondent's Motion to Remand Removal proceedings and for such other and different relief as

this Court may deem just, equitable and proper.

Dated:  New York, New York
   January 5, 2001

           Yours truly,
           Andrew L. Friedman, Esq.
           WILENS & BAKER, P.C.
           Attorneys for the Respondent
           450 7TH Avenue, 12th floor
           New York, New York  10123

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
_____x

IMMIGRATION AND NATURALIZATION SERVICE

              -against-

                                 **AFFIRMATION IN**
                                 **SUPPORT OF MOTION**

                                 **File No.  A38 746 586**

ROHAN PERSAUD,

                          **Respondent.**
_____x

      Andrew L. Friedman, Esq., an attorney duly admitted to practice law before the

Immigration Courts of the United States, subject to the penalty of perjury, hereby deposes and

says:

      1.   I am an associate attorney with the Law Office of Wilens & Baker, P.C., attorneys of

record for the Respondent, Rohan Persaud, and as such, I am fully familiar with the facts and

circumstances involved in the instant case.

      2.   I am hereby submitting this affirmation in further support of Respondent's Motion for

Reconsideration of this Court's denial of the Respondent's Motion to Remand Removal

proceedings and for such other and different relief as this Court may deem just, equitable and

proper.

      3. I make this affirmation upon information and belief, except as to those matters wherein

I indicate actual knowledge.  I base such knowledge on my review of the official court papers, the

case file maintained at the law office of WILENS & BAKER, P.C., conferences with my client

and all of the proceedings had heretofore.

      4.   The Respondent is a native and citizen of Guyana who was admitted to the United

States on or about May 26, 1984 as a lawful permanent resident.

5.   On or about August 13, 1989, the Respondent was convicted in the Supreme Court of the State of New York, County of Kings for the crime of Attempted Assault in the First Degree. Moreover, on or about December 15, 1998, the Respondent was convicted in the Supreme Court of the State of New York, County of Queens for the crime of Driving While Intoxicated for which he received a sentence of 1-3 years of incarceration.

6.   Given the above, on or about April 16, 1999, the Immigration and Naturalization Service issued a Notice to Appear charging the Respondent with removability as an aggravated felon pursuant to Section 237(a)(2)(A)(iii) of the Act based solely upon the Respondent's drunk driving conviction.  The Government did not mention the Respondent's assault conviction in the Notice to Appear nor did they seek to remove him based upon that crime.

7.   On or about August 26, 1999, the Respondent appeared for his Master Calendar hearing before Judge Miller at the Ulster Correctional Facility in Napanoch, New York.  The Respondent admitted all of the allegations contained in the Notice to Appear and requested relief in the form of Adjustment of Status.  Neither our office nor the Judge was aware of the Respondent's assault conviction at this point in the proceedings and the Government made no mention of the conviction at the Master Calendar hearing.  Our office argued that the amendments to Section 212(h) of the Act set forth in IIRAIRA precluding 212(h) waivers to lawful permanent residents with aggravated felony convictions do not apply to the Respondent.  This is because the Board has consistently held that Driving While Intoxicated does not constitute a Crime Involving Moral Turpitude or ground of inadmissibility and the Respondent therefore does not necessitate a 212(h) waiver to Adjust his Status. See Matter of Guadalupe Ochoa-Soto, 19 Immig. Rptr. B1-27 (BIA April 27, 1998).  The Immigration Judge agreed with our argument, instructed our office to file the I-130 Petition, the I-485 application and other relevant documentation and adjourned the case for another Master Calendar hearing until October 21, 1999 for a status conference on the I-130 Petition.

8.    Our office timely filed the aforementioned applications with the Government and the Court and the I-130 Petition was approved on or about October 15, 1999. However, at the Master Calendar hearing conducted on or about October 21, 1999, the Government asserted that the Respondent had been convicted of felony Assault in 1989, necessitated a 212(h) waiver, and was therefore ineligible to Adjust his Status in the United States. Based upon the Respondent's assault conviction, the Immigration Judge determined that the Respondent was statutorily ineligible to Adjust Status in conjunction with a 212(h) waiver and ordered him removed from the United States.

9.    At the present juncture, we submit that the Respondent is now eligible for discretionary relief before the Immigration Court. Based upon the Second Circuit's recent decision in St. Cyr v. INS, (2000 WL 1234850 September 4, 2000) in conjunction with the Board's prior decision in Matter of Gabrielsky, Interim Decision 3213 (BIA 1993), the Respondent can overcome both the Drunk Driving and Assault convictions via Adjustment of Status in conjunction with a 212© waiver. The Respondent no longer requires a 212(h) waiver in this case and is therefore no longer barred from relief by the amendments to Section 212(h) of the Act initiated by IIRAIRA.

10. In St Cyr v. INS, supra, the Second Circuit recently determined that Section 212© remains available to aliens who pled guilty or nolo contendere to an otherwise qualifying crime prior to AEDPA's enactment. In the instant matter, the record reveals that the Respondent pled guilty to Attempted Assault in the First Degree on or about September 7, 1989, prior to the enactment of AEDPA on April 24, 1996. Therefore, this conviction can be waived by Section 212© of the Act under the auspices of the St Cyr, supra, decision. Furthermore, the fact that the Respondent's most recent conviction for Drunk Driving occurred in 1998, after the enactment of AEDPA, does not preclude him from Section 212© relief. This is because a 212© waiver is not needed to cure this conviction as the Respondent can address this crime via Adjustment of Status. In this manner, the Respondent can cure the immigration ramifications of both crimes with two alternative forms of relief and a 212(h) waiver is presently a non-issue in this case.

11. The aforementioned argument is directly supported by established BIA precedent in Matter of Gabrielsky, supra. In this landmark case, the Respondent had dual convictions for Possession of A Firearm and Manufacture of A Controlled Substance. During Deportation proceedings, the Respondent sought to cure the firearm conviction via Adjustment of Status and the drug offense with a 212© waiver. However, the Immigration Judge determined that as the drug conviction rendered the Respondent ineligible for Adjustment of Status and the weapons conviction rendered him ineligible for a 212© waiver, he should not be permitted to bootstrap eligibility to render himself eligible for both forms of relief. Consequently, the Respondent was ordered deported from the United States.

12. In its decision, the Board of Immigration Appeals reversed the decision of the Immigration Judge. Essentially, the Board disagreed with the Immigration Judge's opinion regarding bootstrapping of eligibility. With reference to the Respondent's Adjustment of Status application, the Board concluded that "although the Respondent's controlled substance conviction does render him inadmissible under Section 212(a)(2)A)(i)(II) of the Act, he may utilize section 212(c) of the Act for the limited purpose of waiving this ground." Gabrielsky at 3. Moreover, with respect to the Respondent's 212(c) application, the Court determined that the Respondent was eligible to apply for "section 212(c) relief in conjunction with Adjustment of Status, notwithstanding his weapon's conviction." Gabrielsky at 5. Thus, the Board allowed the Respondent to essentially cure his ineligibility for each independent form of discretionary relief through bootstrapping eligiblity via simultaneous applications for different forms of relief. The Board remanded the deportation case to the Immigration Judge for the Respondent to apply for Adjustment of Status in conjunction with a 212(c) waiver.

13. The instant case is identical to the factual scenario depicted in Matter of Gabrielsky, supra. Mr. Persaud cannot rely solely on 212© relief as his last drunk driving conviction occurred in 1998. In addition, he cannot solely rely on Adjustment of Status due to his assault conviction and cannot benefit from a 212(h) waiver as he is a lawful permanent resident with an

aggravated felony conviction. However, pursuant to the legal mandates espoused in Matter of

Gabrielsky, supra, the Respondent can bootstrap eligibility and apply for Adjustment of Status in

conjunction with a 212© waiver. In this manner, the 212© waiver would cure the Assault

conviction and obviate the need for a 212(h) waiver and the Respondent's Adjustment of Status

application would cure his drunk driving convictions after April 24, 1996. Therefore, as with the

Respondent in Gabrielsky, supra, the instant case should be remanded to the Immigration Judge

so that the Respondent can apply for both forms of discretionary relief.

14. In light of the aforementioned case law and analysis, on or about December 5, 2000,

our office submitted a Motion to Remand to the BIA, which was reviewed simultaneously with

the Respondent's appeal of the Immigration Judge's initial decision concerning the Respondent's

eligibility for a 212(h) waiver. While our office did not expect the Board to rule on the

constitutionality of the amendments to section 212(h), we did expect the case to be remanded

with respect to the Gabrielsky, supra, analysis. However, in its decision, the BIA did not even

address the Gabrielsky issue and denied both the appeal and the Motion to Remand.[1]  At the

present juncture, the Respondent will be removed from the United States as soon as a travel

document is available.

15. Given the above, we submit that based upon the recent Second Circuit decision in St

Cyr v. INS, supra, and the Board's prior decision in Matter of Gabrielsky, supra, the

Respondent's motion should be granted in its entirety and Removal proceedings should be

remanded to the Immigration Court forthwith.

Dated: New York, New York
    January 5, 2001

---

[1]  A copy of the Board's decision is attached hereto as Exhibit A. In addition, according to the Board's
decision, our office never filed a Motion to Remand with the Board on November 28, 2000. In fact, our
office did file a motion on that date but it was erroneously returned for nonpayment of filing fees when no
fee was required. Consequently, we called the clerk's office and they instructed us to return the Motion
immediately, which we complied with on or about December 5, 2000. In addition, our office confirmed the
BIA's receipt of our Motion to Remand via telephone on or about December 7, 2000

Respectfully submitted,

**WILENS & BAKER, P.C.**

By: _Andrew L. Friedman_
Andrew L. Friedman, Esq.

LNG:gpw

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROHAN R. PERSAUD | : | |
| A38-746-586 | : | |
| Petitioner | : | |
| | : | Civil No. 1:CV-01-1255 |
| v | : | |
| | : | (RAMBO, J.) |
| JOHN ASHCROFT, Attorney General | : | |
| CHARLES W. ZEMSKI, Acting | : | |
| Direct, | : | |
| Respondents | : | |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on July 30, 2001, she served a copy of the attached

## THE GOVERNMENT'S OPPOSITION TO THE PETITION
## FOR WRIT OF HABEAS CORPUS AND COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address listed below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Scranton, PA.

ADDRESS:

ROHAN R PERSAUD
A38-746-586
TOWEL 3  ECHO K-22
1373 N WASHINGTON AVE
SCRANTON PA 18509

Gwyneth P. Williams
Secretary