ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROHAN R. PERSAUD,
Petitioner

v.

JOHN ASHCROFT et.al.,
Respondent,

CIVIL ACTION No: 1:CV-01-1255

(Rombo J.)

FILED
HARRISBURG
AUG 3 0 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## PETITIONER'S ADDENDUM TO HABEAS PETITION

COMES NOW Rohan R. Persaud, Pro se, herein after knowing as "Petitioner" and adds addendum to the foregoing petition for writ of habeas corpus.

In support thereof, Petitioner states as follows:

1) Petitioner avers that he is entitle to be free from government restraint on account of the length of time he have already served in INS custody under the post removal period of the administratively final order of removal before the BIA release him a stay pursuant to procedural due process under the Fifth Amendment to the United States Constitution.

Petitioner contends that his prolong detention is no longer authorized by statute, and the basic federal statute grant the federal court authority to determine whether post removal

[1]

Period detention is pursuant to statutory authority. In answering that question see 28 U.S.C. § 2241 (c)(3). The habeas court must ask whether the detention in question exceeds a period reasonably necessary to have secured removal. It should measure reasonableness primarily in term of the statues basic purpose namely assuring the alien presence at the moment of removal, and in the case at bar, petitioner has been detained on a final order well over the statutory post removal period or reasonable forseeableness thereafter, and the choice at issue here is between imprisonment and supervision under release condition that may not be violated or bond, which is also a further specification of the Fifth Amendment Due Process Clause that forbids the government to deprive] any person of liberty without due process of law. Freedom from imprisonment from government custody detention or forms of physical restraint lies at the heart of the liberty clause the Fifth Amend protect. See <u>Foucha v. Louisiana</u>, 504 U.S. 71, 80 (1992). And the court as said that government detention violates that clause unless the detention is ordered in a criminal proceeding with adequate procedural protection see <u>United States v. Salerno</u>, 481 U.S. 739 746 1987

Petitioner further contends that he is still presently under a administrative final order regardless of the stay order put in place by the BIA on account that his motion for reconsideration pending under consideration does not authomatically place him back in administrative proceeding unless his motion

[2]

for reconsideration is granted and the INS matter reopen. However, even upon Petitioner case reopen he would still be eligibe for release under supervise condiction. or bond, notwithstanding, The Attorney General memorandum dated July 27, 2001. Specifically instructed The INS. To expeditiously conclude its ongoing file review for all aliens who have remained in Post-order detention for 90 days or more with priorty given to those cases in which the aliens have been detained longest. Such as Petitioner herein.

Wherfore for all the reasons above Petitioner Petition should be granted. Petitioner Prays.

Respectfully Submitted

Rohan R Persaud
ROHAN PERSAUD, PRO SE.
A38746586
TOWER 3, ECHO K 24
1371 N. WASHINGTON AVE
SCRANTON PA 18509.

DATE. AUGUST 27-2001.

[3]

## CERTIFICATE OF SERVICE.

### PETITIONER'S ADDENDUM TO HABEAS PETITION

I ROHAN R. PERSAUD, HEREBY CERTIFY THAT I CAUSE TO SERVE THE COURT A TRUE AND CORRECT COPY OF THE RESPONSE TO THE RESPONDENT'S OPPOSITION TO THE WRIT PETITION BY CLASS MAIL SERVIC AND DEPOSITING THE SOME IN THE U.S MAIL TO RESPONDENT ADDRESSED AS SET FORTH BELOW.

LORNA N. GRAHAM, ASS. DIST. ATT
P.O. BOX 309, FEDERAL BUILDING
WASHINGTON AVE AND LINDEN ST
SCRANTON PA 18501.

RESPECTFULLY SUBMITTED

*Rohan R. Persaud*

ROHAN R. PERSAUD, PRO SE
TOWEL 3 ECHO K-24
1371. N. WASHINGTON AVE
SCRANTON, PA 18509

DATE: 27 AUGUST 2001.