IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROHAN R. PERSAUD,
    Petitioner : CIVIL NO. 1:CV-01-1255

v. : (Judge Rambo)

JOHN ASHCROFT, *et al.*
    Respondents :

FILED
HARRISBURG, PA
SEP 07 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## MEMORANDUM AND ORDER

Before the court is a petition for writ of habeas corpus filed by Rohan Persaud on July 6, 2001 pursuant to 28 U.S.C. § 2241. Because the court finds that Petitioner has not exhausted his administrative remedies, the petition will be dismissed without prejudice.

### I. Background

Petitioner is currently confined at the Lackawanna County Jail in Scranton, Pennsylvania. Along with his petition, Petitioner filed an application to proceed *in forma paurperis*. The Court granted that application by an order dated July 13, 2001. Named as respondents in the petition are John Ashcroft, Attorney General, and Charles Zemski, Acting District Director of the Immigration and Naturalization Service ("INS").[1]

---

1.   As noted by respondents' counsel, the named respondents are not proper parties to this action. *Peon v. Thornburgh*, 765 F. Supp. 155 (S.D.N.Y. 1991) ("[a] petition for habeas corpus must be

Petitioner is a native and citizen of Guyana. He was admitted into the United States at New York, New York as a lawful permanent resident on May 26, 1984. Petitioner was convicted of operating a vehicle while impaired by alcohol in 1988 and 1989; driving while intoxicated ("DWI") in 1996 and 1998; and attempted assault in the first degree in 1989. Because Petitioner's second conviction for DWI was a felony, he was sentenced to serve an indeterminate term of one to three years imprisonment. (Doc. 6, Government's Response Brief.)

As a result of petitioner's felony DWI conviction, INS instituted removal proceedings by filing a Notice to Appear dated April 16, 1999. That document charged petitioner with being removable from the United States pursuant to the Immigration and Nationality Act (the Act) due to his conviction for an aggravated felony, as defined in 8 U.S.C. §1101(a)(43)(F) (defining "aggravated felony" as a crime of violence for which at least one year of imprisonment has been imposed).

At Petitioner's hearing, he contested his removal on the ground that his DWI conviction was not a crime of violence and, therefore, not an aggravated felony. The Immigration Judge held that it was a crime of violence, and petitioner was ordered removed on November 16, 1999. Petitioner did not appeal the Order of

---

brought against the petitioner's custodian").

2

Removal. Instead, he filed a motion to reopen proceedings arguing *inter alia* that his felony DWI conviction did not constitute an aggravated felony. The motion to reopen was denied on September 21, 2000, and Petitioner appealed. The Board of Immigration Appeals ("BIA") dismissed the appeal by order dated December 28, 2000, finding no error in the Immigration Judge's determination that Petitioner was subject to removal. (Doc. 6, Government's Response Brief, p. 3.)

On January 10, 2001, Petitioner filed a motion with the BIA requesting reconsideration of the BIA's denial of his motion to remand removal proceedings. Respondents state that the motion for reconsideration is currently pending before the BIA. (*Id.*, p. 4.) Petitioner does not dispute this fact. By an order dated July 19, 2001, the BIA granted Petitioner's stay of removal pending consideration of his motion for reconsideration. (*Id.*, Ex. 2.)

Petitioner relies on the recent Supreme Court decision *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), arguing that he should be released on parole or bond. (Doc. 1 p. 9.) Petitioner also contends that:

> the immigration service is holding [P]etitioner on a "Bogus order of removal" in violation of due process based on the fact that the Immigration judge deported [P]etitioner on a charge that was not on the notice to appear brought by INS which the Judge Lack Jurisdiction [sic] to conduct. And if so, whether the Immigration judge violated petitioner by not granting a 212(c) waiver, since petitioner was deportable on the 13 Years old Attempt Assault charge.

3

(*Id.*, p. 5.) Respondent asserts the petition should be dismissed because Petitioner has failed to exhaust available administrative remedies. Petitioner's motion is currently pending with the BIA, and the BIA has granted Petitioner's request for stay of removal. That matter is ripe for consideration. Because Petitioner is currently pursuing his administrative remedies, the petition will be dismissed as premature .

**II.     Discussion**

It is well settled that an order for deportation shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations. *Marrero v. INS*, 990 F.2d 772, 778 (3d Cir. 1993); *see also Hatami-Miri v. Ashcroft*, No. 00-15784, 2001 WL 957447 (9th Cir. Aug. 22, 2001) (unpublished) (holding that although 28 U.S.C. §2241 does not explicitly require exhaustion, as a prudential matter, the court requires petitioners to exhaust available judicial and administrative remedies before seeking relief under § 2241.); *Cano-Miranda v. Ashcroft*, No. 00-20570, 2001 WL 940547 (5th Cir. Aug. 17, 2001); *Boz v. U.S.*, 248 F.3d 1299 (11th Cir. 2001); *Momennia v. INS*, 215 F.3d 1337 (10th Cir. 2000). A limited exception to the requirement of exhaustion exists where there is no administrative forum in which an alien could advance a due process claim. *Marrero*, 990 F.2d at 778; *see also Boz*, 248 F.3d at 1300 (noting that a

4

petitioner need not exhaust his administrative remedies "where the administrative remedy will not provide relief commensurate with the claim") (citation omitted).

Petitioner's motion for reconsideration is currently pending before the BIA, and he was granted a stay of removal pending disposition of that motion. Petitioner, therefore, has not exhausted his administrative remedies. Furthermore, all of the arguments that Petitioner raises in the instant petition for writ of habeas corpus are being raised by him in his pending motion for reconsideration. (Doc. 6, Ex. 5.) Accordingly, the court lacks jurisdiction to review the petition at this time.

### III.     Order

In accordance with the preceding memorandum of law, **IT IS HEREBY ORDERED THAT:**

1. The petition for a writ of habeas corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available administrative remedies.

2. The Clerk of Court is directed to close this case.

3. There is no basis for the issuance of a certificate of appealability.

SYLVIA H. RAMBO
United States District Judge

Dated: September 7, 2001.

5

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re: 1:01-cv-01255   Persaud v. Ashcroft

True and correct copies of the attached were mailed by the clerk to the following:

Rohan R. Persaud, A38-746-586
Lackawanna County Prison
1371 N. Washington Ave.
Scranton, PA  18509

Lorna N. Graham, Esq.
U.S. Attorney's Office
Federal Building
P.O. Box 309
Scranton, PA  18501

Martin Carlson
United States Attorney
228 Walnut Street
Harrisburg, PA  17108

```
cc:
Judge                       (X )          (X ) Pro Se Law Clerk
Magistrate Judge            (X )          (  ) INS
U.S. Marshal                (  )          (  ) Jury Clerk
Probation                   (  )
U.S. Attorney               (  )
Atty. for Deft.             (  )
Defendant                   (  )
Warden                      (  )
Bureau of Prisons           (  )
Ct Reporter                 (  )
Ctroom Deputy               (  )
Orig-Security               (X )
Federal Public Defender     (  )
Standard Order 93-5         (  )
Bankruptcy Court            (  )
Other_____    (  )
```

MARY E. D'ANDREA, Clerk

DATE: September 7th, 2001                      BY: _____
                                                        Deputy Clerk