ORIGINAL

(15)
9-18-01

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG
SEP 17 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

ROHAN R. PERSHAUD
    PETITIONER

V.

JOHN D. ASHCROFT, et al.
    RESPONDENTS

CIV. NO. 1:CV-01-1255
(JUDGE RAMBO)

## MOTION TO ALTER OR AMEND JUDGEMENT PURSUANT TO RULE 59(e)

HERE NOW COMES, ROHAN PERSHAUD, PRO SE, HEREIN AFTER REFERED AS "PETITIONER", MOVES THE HONORABLE COURT TO FILE THE ABOVE TITLED MOTION TO ALTER OR AMEND ITS DECISION OF SEPTEMBER 07, 2001, DENYING RELIEF WITHOUT PREJUD OF HIS PETITION UNDER TITLE 28.U.S.C § 2241.

PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 59(e), A MOTION TO ALTER OR AMEND A JUDGEMENT SHALL BE FILED NO LATER THAN TEN (10) DAYS AFTER ENTRY OF A JUDGMENT. ACCORDINGLY, THIS MOTION IS TIMELY AS IT WAS SUBMITTED WITHIN TEN (10) DAYS AFTER ENTRY OF JUDGMENT.

PETITIONER BELIEVE THE COURT TO HAVE SPECIAL RESPONSIBILITY TO CONSTRUE PRO SE MOTION LIBERALLY, ALLOW AMPLE OPPORTUNITY TO AMEND, FILE SUPPLEMENT, INVESTIGATE A ADJUDICATE ON MERITS RATHER THAN DISMISS ON TECHNICALITY. PARRIS V. COUGHLIN, W.L. 32,8199 at 4 (N.D.N.Y. Aug 6,

HAINES V. KERNER, 404 U.S 519, 520 (1972); U.S V. GARTI
188 F.3d 99, 108 (3rd Cir. 1999).

This court is well familiar with this case and all relief requested, thus petitioner need not reiterate them.

## ARGUMENT

Primarily, the court relied on respondent's defens namely which is prejudice to petitioner in denying the writ petition. Petitioner point out to the court that in a habeas corpus proceeding, the appropriate forum consider is governed by two (2) factors:

(1) Whether the court has personal jurisdicti over petitioner's custodians;

(2) Whether petitioner satisfies traditional venue considerations, 28 U.S.C § 2241.

A habeas court has personal jurisdiction over petitioner custodian(s) so long as the custodians named can be reache by service of process. The petitioner's residence provides the most convenient forum, the court have concluded that petitioner, not the custodients determines the court with personal jurisdiction, see STRAIT V. CAIRD, 406 U.S 341-4 46 (1972); EISEL V. SECRETARY OF ARMY, 477 F. 2d 1251, 63-6 (D.C Cir. 1973).

Concurrent jurisdiction also may exist if more than

One (1) law-enforcement agency, military or official are named to be the respondents, we can said to be the petitioner's custodian and if the various custodians reside in different states. See BRADEN v. 30th JUDICIAL CIR. CT, 410 U.S at 499-500 (Immigration officials) also AHRENS v. CLARK, 335 U.S. 188 (1948).

In this case, John Ashcroft, Attorney General and Charles W. Zemski, Acting Director of INS are the proper respondents, althought petitioner is being held physically in care of Mr Thomas P. Gilhooley, Warden of Lackawanna County Prison.

Secondly, in denying petitioner relief, the court relied on exhaustion of remedies doctrine. However, petitioner acknowledge that such administrative remedies are well settled and the Supreme Court has stated that parties must exhaust prescribed administrative remedies before seeking relief from the court: See MC CARTHY v. MADIGAN, 503 U.S. 140, 143 (1992). DARBY v. KEMP, 957 F. 145, 147 (4th Cir 1992); HATAMI-MIRI v. ASHCROFT, 2001 W.L 95740 (9th Cir. Aug 22, 2001).

In this case here, petitioner is seeking discharge from confinement based on numerous constitutional violation by the Government (INS) and petitioner via his attorney only seeks a discretional remedie from the Board of Immigration Appeals (BIA) to reconsider their own ruling which did not toll petitioner's order of removal. As Post-order challenge, it should not be construe as administrative

(3)

OTHERWISE, A STAY OF REMOVAL WAS NOT REQUIRE WHEN AN ADMINISTRATIVE REMEDIES ARE BEING PURSUE BY A PARTY.

IN GRANBERRY v. GREER, 481 U.S. 129 (1987), THE COURT UNANIMOUSLY REAFFIRMED THAT I QUOTE:

"THE FAILURE TO EXHAUST REMEDIES DOES NOT DEPRIVE AN APPELLATE COURT OF JURISDICTION TO CONSIDER THE MERITS of a HABEAS CORPUS APPLICATION" at 131. AND ALSO BECAUSE THE EXHAUSTION DOCTRINE REQUIREMENT IS NOT JURISDICTIONAL [the DISTRICT COURT ERRED ........ DISMISSING THE HABEAS PETITION FOR FAILURE TO EXHAUST STATE (IN THAT CASE) REMEDIES]. DAVIS v. DUGGER, 829 1513, 1521 (11th cir. 1987); GALTIERI v. WAINWRIGHT, 58 F.2d 348, 355 (5th cir 1978); STRICKLAND v. WASHINGTON 466 U.S. 668, 684 (1984).

ALSO IN THIS CASE, THE COURT DID NOT PROVIDED PET WITH ANY STATUTE THAT PROHIBITES ANY CLAIM OF RELEAS UNDER ZADVYDAY v. DAVIS AND CALCANO-MARTINEZ v. 531 U.S 1103; No 00101 (JUNE 25, 2001) GIVES PETITI CONSTITUTIONAL RIGHT TO CHALLENGE HIS "BOGUS ORDER" be THIS COURT UNDER 28 U.S.C § 2241.

THE COURT DID NOT AS WELL VIEW PETITIONER'S "ARTIFICIAL REVIEW" PROHIBITED BY NGO. PETITIONER'S FUNDAMENTAL LIBERTY INTEREST IMPLICATED IN THIS CASE WAS NOT OUT-WEIGHT BY THE COURT ON RENDERING HER SEPTEMBER 07th, 2001 DECISION DENYING THE WRIT.

## CONCLUSION

WHEREFORE, FOR THE REASONS STATED HEREIN, PETITIONER ROHAN RESPECTFULLY REQUEST THAT THE COURT ALTER OR AMEND IT'S ORDER OF SEPTEMBER 07th, 200[1] DENYING MR ROHAN PERSAUD RELIEF AND FOR ANY AND ALL OTHER RELIEF THAT THE COURT DEEMS FIT IN THE PREMISE.

DATED: SEPTEMBER 13th, 2001.

RESPECTFULLY SUBMITTED

*Rohan R. Persaud*
ROHAN R. PERSAUD, PRO SE

---

## CERTIFICATE OF SERVICE

I ROHAN R. PERSAUD, HEREBY CERTIFY THAT ON THIS 13th DAY OF SEPTEMBER 2001, I CAUSE TO SERVE THE COURT THE ORIGINAL MOTION TO ALTER OR AMEND JUDGMENT AND DEPOSIT THE SAME TO THE ENDERSIGNED DEFENDANTS' COUNSEL ADDRESS S[ET] FORTH:

SINCERELY SUBMITTED

*Rohan R. Persaud*
ROHAN R. PERSAUD
TOWEL 3, ECHO K-24
1371 N. WASHINGTON AVE