UNITED STATES DISTRICT COURT
OF THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROHAN PERSAUD

CIVIL # 1:01-CV-01255

v.

JOHN ASHCROFT (Judge Rambo)

FILED
HARRISBURG
SEP 20 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

## BRIEF IN SUPPORT OF PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT

Petitioner, Rohan Persaud, Pro-se and respectfully request that, pursuant to Fed. R. Civ. P. 59(e), this honorable Court reconsider its order and vacate its decision.

The grounds for this request are set forth below.

### ISSUE PRESENTED

Whether the Court's order should be altered or amended pursuant to Rule 59(e) because the provision that allows continued detention, if the Court orders a stay of removal violates substantive due process.

### PROCEDURAL BACKGROUND

Petitioner has adjusted his status to that of lawful permanent resident and he has wife, child who are United States citizens, also he has a job waiting for him upon his release from confinement.

## ARGUMENT

Petitioner after having been detained for over (21) months under INA 241(a) 8 U.S.C 1231(a)(1)(B) and now is being detained under INA 236(c) 8.U.S.C 1226(c) because his removal order is being reviewed pursuant to a stay of removal by Immigration Appeals court.

Assuming that it takes the Immigration Appeals court another (24) months to review petitioner's case, than pursuant to the provision of INA 236(c) Petitioner would have a total of (4) years in Confinement.

Also for an approximately (21) months that petitioner was under INA 241(a) he supplied all necessary information to assist the INS Officer to fasten his deportation back to any country, because his country refuse to take him back.

Under these Conditions petitioner faces another dilemma of Indefinite detention pending the disposition of his case by the Immigration Appeals court, that Issued the stay of removal.

The interest at stake here, is that petitioner has already been determined removable, after (21) months in detention, remains in custody pending resolution of his case by the BIA, inter alia, Immigration Judge, that may take another (24) months.

[2]

Petitioner's Liberty Interest is considerably heightened because he has meritorious claim and is more likely to prevail.

Separation from family members is a deprivation, which the Supreme Court has ranked high among the interests of individual. Even a short period of parole before final resolution of his removal proceeding would be significant. See ST. JOHN 917 F. Supp at 250 (An alien's liberty interest even in what may be a limited period of parole prior to the final disposition)

In U.S ex rel. Lam Tukman v. Esperdy. S. NY 1967, 280 F. Supp 303. The court states that an alien would be release for period of two months on appearance bond of $2,500, where a significant amount of time would elapse before the final disposition on his case, could be made.

It is well established that where an alien detained for deportation is not a danger to the United States, his enlargement would present bad reputation. See Supreme Court opinion in ZADVYDAS V. DAVIS.

Petitioner is not a danger to the community or a flight, also due to the hardship to his family and himself and the long period he has been incarcerated and detained by INS,

[3]

for all these facts, he is pleading with the honorable court to **Alter or Amend** his Judgment Pursuant to Rule 59(e).

Wherefore, Petitioner pray that this honorable court, expedite adjudication and ORDER INS to release him on a substantial bail bond and he is willing to abide by any rules, regulations or Conditions that may be imposed on his release, under Supervised parole.

DATE: 9-15-2001                Respectfully Submitted

                               *Rohan R. Persaud*
                               Lackawanna County Prison
                               1371 N. Washington Avenue
                               Scranton, PA  18509

### CERTIFICATE OF SERVICE

On this 15 day of 9 2001, a copy of this motion was mailed to the opposing party at: P.O. Box 11754 and 228 Walnut St. Harrisburg, PA  17108-1754.

                               *Rohan R. Persaud*

[4]