IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROHAN R. PERSAUD, :
        Petitioner : CIVIL NO. 1:CV-01-1255
 :
v. : (Judge Rambo)
 :
JOHN ASHCROFT, *et al.*, :
        Respondent :

### MEMORANDUM AND ORDER

Persaud filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 6, 2001 challenging his continued detention by Immigration and Naturalization Services ("INS"). On September 7, 2001, this court dismissed Persaud's petition without prejudice for failure to exhaust his available administrative remedies. Petitioner now files the instant motion for reconsideration (Doc. 15) of his petition for writ of habeas corpus. Because this court finds that Persaud has failed to provide the evidence required for a successful motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, petitioner's motion will be denied.

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances such as where the court has

" . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion for reconsideration, Persaud fails to demonstrate a change of law, new evidence, or a need to correct clear error of law that indicates his previous claim merits reconsideration. Petitioner merely wants this court to rethink its earlier decision. *Glendon Energy Co. V. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (a motion for reconsideration is *not* properly grounded on a request that a court rethink a decision already made). In his brief in support of his motion for reconsideration (Doc. 16), it appears that petitioner attempts to raise a new ground for habeas relief, i.e. he should be released pursuant to § 236(c) of the INA, 8 U.S.C. § 1226(c). The grounds for habeas relief petitioner raised with this court were identical to the grounds that are currently pending with the Board of Immigration Appeals ("BIA").

2

Accordingly, this court finds that petitioner has not satisfied the requirements for a successful motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, and IT IS THEREFORE ORDERED THAT the motion for reconsideration (Doc. 15) is **denied**.

SYLVIA H. RAMBO
United States District Judge

DATE: October 1, 2001.

```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA

                  * * MAILING CERTIFICATE OF CLERK * *
```

Re:  1:01-cv-01255      Persaud v. Ashcroft

True and correct copies of the attached were mailed by the clerk to the following:

```
    Rohan R. Persaud
    Tensas Parish Detention Center South
    A38-746-586 HC-62
    Box 500
    Waterproof, LA  71375

    Lorna N. Graham, Esq.
    U.S. Attorney's Office
    P.O. Box 309
    Scranton, PA  18501

    Martin Carlson
    United States Attorney
    228 Walnut Street
    Harrisburg, PA  17108
```

```
cc:
Judge                          (X )         (X ) Pro Se Law Clerk
Magistrate Judge               ( )          ( ) INS
U.S. Marshal                   ( )          ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Standard Order 93-5            ( )
Bankruptcy Court               ( )
Other_____  ( )
```

MARY E. D'ANDREA, Clerk

DATE: October 1st, 2001                BY: [signature]
                                           Deputy Clerk